UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITA BISWAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-cv-01003-JAR |
| ) | |
| SASAK CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This *pro se* employment discrimination matter is before the Court on a number of pending motions. The Court will address each in turn, grouping certain motions together where appropriate.

**Remand**

First, Plaintiff filed a Motion to Remand (Doc. 16). In her motion, Plaintiff asserts "[t]here is no federal question under 28 U.S.C. § 1331 because I did not file my complaint within statutory limits to preserve your Title VII claim (by March 15, 2015)" (Doc. 16 at 2). Further, she argues that "there appears to be no diversity jurisdiction under 28 U.S.C. § 1332, either" (*Id.*). Plaintiff has also filed a Motion to Stay of Any Further Proceeding Pending the Outcome of the Motion to Remand (Doc. 24). Defendant responded to both Motions (Docs. 26, 30).

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal–Mart Stores E., Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo.

1

2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). In this case, Defendant asserts that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Commonly known as federal question jurisdiction, section 1331 reads, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Removal based on 'federal-question jurisdiction is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Cent. Iowa Power Coop.*, 561 F.3d at 912 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Upon careful review of Plaintiff's "Employment Discrimination Complaint", it is clear from the face of the Complaint that the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. Specifically, in her Complaint, Plaintiff indicates her employment discrimination lawsuit is based on, among other things, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621, *et seq*. Both Title VII and the ADEA are laws of the United States. Therefore Defendant has properly removed the action to this Court. Because the Court will deny Plaintiff's Motion to

Remand, the Motion to Stay the Proceedings is now moot and will be denied as such, and the Plaintiff's request for costs and expenses will be denied.

**Issues with Defense Counsel's Entry of Appearance**

Next, Plaintiff filed a Motion to Strike Jason S. Retter's Entry of Appearance on behalf of Defendant Sasak Corporation (Doc. 21). Plaintiff asserts that the entry of appearance should be stricken for "i) improperly filing electronically with incorrect signing and entry date; ii) not sending the Plaintiff entry of appearance for Attorneys Narcisa P. Symank, Joseph F. Devereux, III, separately, and her subsequent removal, via mail; iii) frequently making entries of appearances of Attorneys and removals, without clearly specifying who would be appearing for all purposes, and who would be making limited appearances, if any, thereby further confusing the plaintiff . . ." (Doc. 21 at 1). Plaintiff concurrently filed a Motion to Prohibit/Sanction the attorneys (Doc. 22) for the same.

Defendant responded to both Motions acknowledging his inadvertent failure to properly date the Certificate of service for his Entry of Appearance (Doc. 32 at 2). Defense counsel Jason S. Retter also filed a Motion to Amend his Entry of Appearance (Doc. 27). In his Motion, Mr. Retter requests that Court enter an Amended Certificate of Service with the corrected date of service. Because this is clearly an issue of a typographical error, the Court will grant Mr. Retter's Motion. In regards to Plaintiff's assertion that she did not receive two other notices of appearances, counsel represents to the Court that the Narcisa Symank's Entry of Appearance (Doc. 6) and the Substitution of Joseph Devereaux, III (Doc. 8) were timely mailed to Plaintiff. Mr. Retter also indicates that he sent courtesy copies of both documents to Plaintiff on August 27, 2015. The Court is satisfied with these representations and, in any event, finds that Plaintiff was not prejudiced because she received other relevant filings and is now in possession of the

notices of appearance. Accordingly, the Court will deny Plaintiff's Motion to Strike and Plaintiff's Motion to Prohibit/Sanction the attorneys.

**Joint Proposed Scheduling Plan**

Plaintiff has also filed a Motion to Dismiss the Joint Proposed Scheduling Order (Doc. 23) wherein Plaintiff requests the Court strike the Joint Proposed Scheduling Order because defense counsel included the wrong date on the certificate of service. Plaintiff also appears to request more time to discuss the Joint Proposed Scheduling Plan with opposing counsel. Defendant responded to Plaintiff's Motion (Doc. 32) and has also filed a Motion to Amend the Proposed Scheduling Order (Doc. 28) to correct the date of service. Upon review, the Court will grant Plaintiff's request for additional time and give the parties an additional two weeks from today's date to confer and file an Amended Joint Proposed Scheduling Plan. Accordingly, Plaintiff's Motion will be granted in part and Defendant's Motion to Amend the Proposed Scheduling Order will be denied as moot.

**Appointment of Counsel**

Finally, Plaintiff has filed a Motion to Review Appointment of Counsel (Doc. 25) that the Court will construe as a Motion to Reconsider the Court's July 31, 2015 Order denying Plaintiff's Motion to Appoint Counsel without prejudice (Doc. 15). Plaintiff asserts that although she can "somewhat" articulate her position, she cannot do as well as someone who knows and understands the law. Specifically, she "often miss[es] the actual point to convey" (Doc. 25 at 2). However, Plaintiff appears to assert that the Court failed to properly explain the denial and, in so-doing, aptly cites to and distinguishes several Eighth Circuit opinions. Additionally, Plaintiff notes, after some diligent research, that the undersigned has used much of the same case law in other, similar orders.

4

As the Court indicated in its previous order, the standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present her claims. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997). Upon review of the current filing as well as the other pending motions, the Court finds that, at this time, Plaintiff can adequately litigate this case. Again, Plaintiff is clearly capable of articulating and presenting her position. Because the appointment of counsel is not mandated at this time, Plaintiff's Motion to Review Appointment of Counsel will be denied.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 16) is **DENIED** and Plaintiff's Motion to Stay of Any Further Proceeding Pending the Outcome of the Motion to Remand (Doc. 24) is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 21) and her Motion to Prohibit/Sanction the attorneys (Doc. 22) are **DENIED**. Counsel's Motion to Amend his Entry of Appearance (Doc. 27) is **GRANTED.** He shall file his amended Entry of Appearance instanter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss the Joint Proposed Scheduling Order (Doc. 23) is **GRANTED, in part.** The Parties shall confer and file an Amended Joint Proposed Scheduling Order within fourteen (14) days of the date of this Order. Counsel's Motion to Amend the Proposed Scheduling Order (Doc. 28) is **DENIED, as moot.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Review Appointment of Counsel (Doc. 25) is **DENIED.**

Dated this 7th day of October, 2015.

                                               _____
                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE