UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITA BISWAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-01003-JAR |
| | ) |
| SASAK CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's second Motion to Remand (Doc. 47). The Motion is fully briefed[1] and ready for disposition. For the following reasons, Plaintiff's Motion will be **DENIED.**

## I. Background

Plaintiff filed this *pro se* employment discrimination case on April 15, 2015 (Doc. 1-3). On June 25, 2015, Defendant removed the complaint to this Court and then filed its answer on July 1, 2015 (Doc. 11). Accordingly, on July 14, 2015, the Court entered an order directing the Parties to confer and submit a joint proposed scheduling plan (Doc. 13). On July 30, 2015, Plaintiff filed a Motion to Appoint Counsel, subsequently denied by the Court (Docs. 14, 15). In August of 2015, Plaintiff filed a Motion to Remand (Doc. 16), a Motion to Strike Jason S. Retter's Entry of Appearance on behalf of Defendant Sasak Corporation (Doc. 21), a Motion to Prohibit/Sanction the attorneys (Doc. 22) for the same, a Motion to Dismiss the Joint Proposed Scheduling Order (Doc. 23), a Motion to Stay the Proceedings (Doc. 24), and a Motion to

---

[1] While Plaintiff filed a document titled "Motion to Dismiss Defendant'[s] response to Plaintiff'[s] Second Motion to Remand and Reimbursement (Doc. #50) on Grounds that the Plaintiff'[s] Individual Employment Contract is Being Violated, Which Stipulates the Venue and Claims/Matter, of any and all litigation, is not Completely Pre-empted by Any Federal Claim or Law", the Court will treat Plaintiff's Motion as her Reply brief in

1

Review Appointment of Counsel (Doc. 25). Defendant responded to the Motions and filed a Joint Proposed Scheduling Plan (Docs. 18, 26, 29, 30, 32, 34). In the Joint Proposed Scheduling Plan, Defendant noted:

> Counsel for Defendant Sasak Corporation has attempted, in good faith, to confer with Plaintiff as to the dates and deadlines and other matters herein proposed. A copy of the proposed joint scheduling order and discovery plan was provided to Plaintiff on July 21, 2015. Plaintiff was invited to contact Counsel for Defendant to discuss the proposal, but did not. This proposed order and scheduling plan, therefore, is submitted by Defendant only.

(Doc. 18 at 1). On October 7, 2015, the Court ruled on the various Motions and directed the Parties to confer and file an Amended Joint Proposed Scheduling Order within fourteen (14) days of the date of that Order.

On October 20, 2015, Plaintiff requested an additional two weeks to file a Joint Proposed Scheduling Plan (Doc. 38). Over Defendant's objections, the Court granted Plaintiff's Motion (Doc. 40). On November 4, 2015, Plaintiff filed a Motion Seeking Leave and Extension of Time to File an Amended Complaint (Doc. 41). Defendant again responded (Doc. 43) and filed an Amended Proposed Scheduling Order (Doc. 42). In its Amended Proposed Scheduling Order, Defendant again noted, "Counsel for Defendant has attempted to confer with Plaintiff as to the dates and deadlines and other matters herein proposed while Plaintiff has failed or refused to confer with the undersigned" (*Id.* at 1). Defendant also indicated the numerous attempt its counsel made to confer with Plaintiff (*Id.* at 1-2). The Court granted Plaintiff's request in part, giving Plaintiff fourteen (14) days from the date of that Order to file an amended complaint. The Court also noted, "Plaintiff has failed to file a Proposed Schedule or otherwise cooperate with Defendant" (Doc. 44 at 1-2). The Court then subsequently granted Plaintiff's Motion for

---

support of her second Motion to Remand.

Extension of Time, giving Plaintiff until December 20, 2015 to file an Amended Complaint. Instead, Plaintiff filed a second Motion to Remand (Doc. 47) on December 21, 2015.

## II. Analysis

In her second Motion to Remand, Plaintiff asserts that:

> The Court lacks subject matter jurisdiction over my federal complaints and claims, and the removal was jurisdictionally defective. This is because my employment contract agreement is binding to an arbitration clause, that covers, protects and supercedes [sic] all federal question and jurisdiction, wherin [sic] it states in the mutual agreement to arbitrate . . . . (Dc. 47 at 1).

However, Plaintiff is reminded that while removal statues are strictly construed and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand, it is clear to the Court, again upon careful review of Plaintiff's "Employment Discrimination Complaint", that the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. Specifically, in her Complaint, Plaintiff indicates her employment discrimination lawsuit is based on, among other things, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621, et seq. Any arbitration clause in Plaintiff's employment contract does not impact this Court's analysis regarding jurisdiction because both Title VII and the ADEA are laws of the United States. Therefore, Defendant has properly removed the action to this Court. Furthermore, upon review of the record, the Court notes that Plaintiff has failed to cooperate with Defense Counsel regarding the submission of a joint proposed scheduling plan and has failed to submit her own. Consequently, the Court will enter a Case Management Order based on Defendant's most recently submitted proposed scheduling plan.

## III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second Motion to Remand (Doc. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that a Case Management Order shall accompany this Order.

Dated this 22nd day of January, 2016.

                                                                    _____
                                                                    JOHN A. ROSS
                                                                    UNITED STATES DISTRICT JUDGE