# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MITA BISWAS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:15-cv-01003-JAR |
| SASAK CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's combined Motion to Withdraw, Involuntarily and Motion Seeking the Case to be Sealed (Doc. 55). The combined Motion is fully briefed and ready for disposition. For the following reasons, the Court will **GRANT, in part** and **DENY, in part** Plaintiff's combined Motion.

### I. Background

Plaintiff filed this *pro se* employment discrimination case on April 15, 2015 (Doc. 1-3). On June 25, 2015, Defendant removed the complaint to this Court and then filed its answer on July 1, 2015 (Doc. 11). Accordingly, on July 14, 2015, the Court entered an order directing the Parties to confer and submit a joint proposed scheduling plan (Doc. 13). On July 30, 2015, Plaintiff filed a Motion to Appoint Counsel, subsequently denied by the Court (Docs. 14, 15). In August of 2015, Plaintiff filed a Motion to Remand (Doc. 16), a Motion to Strike Jason S. Retter's Entry of Appearance on behalf of Defendant Sasak Corporation (Doc. 21), a Motion to Prohibit/Sanction the attorneys (Doc. 22) for the same, a Motion to Dismiss the Joint Proposed Scheduling Order (Doc. 23), a Motion to Stay the Proceedings (Doc. 24), and a Motion to Review Appointment of Counsel (Doc. 25). Defendant responded to the Motions and filed a

1

Joint Proposed Scheduling Plan (Docs. 18, 26, 29, 30, 32, 34). In the Joint Proposed Scheduling Plan, Defendant noted:

> Counsel for Defendant Sasak Corporation has attempted, in good faith, to confer with Plaintiff as to the dates and deadlines and other matters herein proposed. A copy of the proposed joint scheduling order and discovery plan was provided to Plaintiff on July 21, 2015. Plaintiff was invited to contact Counsel for Defendant to discuss the proposal, but did not. This proposed order and scheduling plan, therefore, is submitted by Defendant only.

(Doc. 18 at 1). On October 7, 2015, the Court ruled on the various Motions and directed the Parties to confer and file an Amended Joint Proposed Scheduling Order within fourteen (14) days of the date of that Order.

On October 20, 2015, Plaintiff requested an additional two weeks to file a Joint Proposed Scheduling Plan (Doc. 38). Over Defendant's objections, the Court granted Plaintiff's Motion (Doc. 40). On November 4, 2015, Plaintiff filed a Motion Seeking Leave and Extension of Time to File an Amended Complaint (Doc. 41). Defendant again responded (Doc. 43) and filed an Amended Proposed Scheduling Order (Doc. 42). In its Amended Proposed Scheduling Order, Defendant again noted, "Counsel for Defendant has attempted to confer with Plaintiff as to the dates and deadlines and other matters herein proposed while Plaintiff has failed or refused to confer with the undersigned" (*Id.* at 1). Defendant also indicated the numerous attempts its counsel made to confer with Plaintiff (*Id.* at 1-2). The Court granted Plaintiff's request in part, giving Plaintiff fourteen (14) days from the date of that Order to file an amended complaint. The Court also noted, "Plaintiff has failed to file a Proposed Schedule or otherwise cooperate with Defendant" (Doc. 44 at 1-2). The Court then subsequently granted Plaintiff's Motion for Extension of Time, giving Plaintiff until December 20, 2015, to file an Amended Complaint. Instead, Plaintiff filed a second Motion to Remand (Doc. 47) on December 21, 2015. The Court denied Plaintiff's second Motion to Remand (Doc. 53) and entered a Case Management Order

(Doc. 54). On February 16, 2016, Plaintiff filed a combined Motion to Withdraw, Involuntarily and Motion Seeking the Case to be Sealed (Doc. 55).

**II. Analysis**

In her combined Motion to Withdraw, Involuntarily and Motion Seeking the Case to be Sealed (Doc. 55), Plaintiff states, "to save both resources and time, for all parties concerned, plaintiff is withdrawing this case from this Court, involuntarily" (*Id.* at 2). She also requests, "the Judge . . . have this case sealed, as the case has not progressed at all and this may affect her job opportunities, career. Should the Defendant'[s] . . . Counsel deem otherwise, plaintiff is fine with the Defendant'[s] opinion" (*Id.*). Defendant responded, indicating it did not oppose Plaintiff's prayer for dismissal. However, Defendant requests reasonable attorney's fees incurred and opposes Plaintiff's request that the case be placed under seal (Doc. 56 at 2).

The Court will construe Plaintiff's request to withdraw the case, involuntarily as a Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 41 (a)(2). Accordingly, in its discretion, the Court finds dismissal without prejudice to be an appropriate disposition of this case. *Mullen v. Heinkel Filtering Systems, Inc.*, 770 F.3d 724, 727-28 (8th Cir. 2014). The Court will not award attorney's fees or costs to Defendant. However, Plaintiff is warned that, pursuant to Federal Rule of Civil Procedure 41(d), if she files an action based on or including the same claims, she may be ordered by the court to pay all of or part of the costs, including attorney's fees, of this action. *Vasquez v. Hill*, No. 4:11CV01561AGF, 2012 WL 4936085, at *3 (E.D. Mo. Oct. 17, 2012). *See also Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992) (The award of costs under Rule 41(d) is intended to deter forum shopping and vexatious litigation). Finally, the Court finds that sealing this case is unwarranted.

Nothing in the record contains the kind of confidential information the sealing mechanism was designed to protect. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's combined Motion to Withdraw, Involuntarily and Motion Seeking the Case to be Sealed (Doc. 55) is **GRANTED, in part** and **DENIED, in part.** A separate order of dismissal will accompany this Order.

Dated this 1st day of March, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE